IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR JARA, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>       Plaintiff,<br><br> v.<br><br>FELIDIA RESTAURANT, INC., POLA RESTAURANT INC. d/b/a BECCO, IL POSTO LLC d/b/a DEL POSTO, PULPO LLC d/b/a ESCA, BABBO LLC, MARIO BATALI, JOSEPH BASTIANICH and LIDIA BASTIANICH,<br><br>       Defendants. | No. 17 Civ. 9622 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT**

I, C.K. Lee, declare as follows:

  1.  I am a partner in the firm of the Lee Litigation Group, PLLC ("LLG") in New York, New York, and Plaintiff's counsel herein.

  2.  I am the lawyer primarily responsible for prosecuting Plaintiff's claims on behalf of the proposed class.

  3.  I make these statements based on personal knowledge and would so testify if called as a witness before the Court.

**My Background and Experience**

  4.  I received a BS/BA from the University of Michigan/Ann Arbor, with

concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars. I have served as lead counsel in numerous wage and hour class and collective actions.

5. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

6. Since April 2009, I have been engaged primarily in prosecuting wage and hour class and collective action cases.

7. I have been appointed as lead counsel in several wage and hour cases that district courts have certified as class actions and/or collective actions including *Santana, et al. v. Fishlegs LLC, et al.*, No. 13 Civ. 1628 (S.D.N.Y. 2016); *Perez v. Dos Toros, LLC, et al.*, No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al*., No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp*., *et al*., No. 12 Civ. 7452 (S.D.N.Y. 2014); *Romero v. La Revise Associates LLC, et al.*, No. 12 Civ. 8324 (S.D.N.Y. 2014); *Sanjaya v. Inakaya USA, Inc*., No. 12 Civ. 4500 (S.D.N.Y. 2012); *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y. 2012); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y. 2012); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y. 2012); and *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y. 2012), among others.

8. Courts have repeatedly found LLG to be adequate class counsel in wage and hour class actions. *See Santana, et al. v. Fishlegs LLC, et al*., No. 13 Civ. 1628 (S.D.N.Y. 2016);

*Perez v. Dos Toros, LLC, et al.*, No. 14 Civ. 9183 (S.D.N.Y. 2016); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (S.D.N.Y. 2015); *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y. 2015); *Viafara v. MCIZ Corp., et al., No. 12 Civ. 7452* (S.D.N.Y. April 30, 2014*) citing Hernandez v. Anjost Corp., No. 11 Civ. 1531, 2013 WL 4145952, at *4* (S.D.N.Y. Aug. 4, 2013) (finding Lee Litigation Group, PLLC "well qualified" to represent the class).

**Nature of Plaintiff's Claims**

9.  Plaintiff and the members of the New York Labor Law ("NYLL") class are all non-managerial front of house employees (including but not limited to servers, captains, maître d's, bussers, runners, bartenders, barbacks, baristas, sommeliers, hosts, coat check) who worked at the New York City restaurant known as Felidia, between February 27, 2014 and the date of preliminary approval, or at the New York City restaurants known as Becco, Esca, Del Posto and Babbo, between December 7, 2011 and the date of preliminary approval, and who do not opt-out of the class ("NYLL Class"). Octavio Quinones shall be excluded as a class member.

10. Plaintiff and the members of the Fair Labor Standards Act ("FLSA") collective are all non-managerial front of house employees (including but not limited to servers, captains, maître d's, bussers, runners, bartenders, barbacks, baristas, sommeliers, hosts, coat check) who worked at the New York City restaurant known as Felidia, between February 27, 2014 and the date of preliminary approval, or at the New York City restaurants known as, Becco, Esca, Del Posto and Babbo, between December 7, 2014 and the date of preliminary approval, who endorse their settlement checks and/or have filed a consent to join form to join the lawsuit ("FLSA Class", together with "NYLL Class", "Class Members" or "the Class"). Octavio Quinones shall be excluded as an FLSA collective member.

11. There are approximately 1,300 Class Members in this case.

12. Plaintiff and Class Members allege that Defendants (i) failed to pay employees for all regular and/or overtime hours worked due to a policy of time shaving; (ii) failed to meet the New York Labor Law's requirement on wage statements and wage and hour notices; and (iii) failed to pay proper minimum wages and overtime to a Subclass of tipped employees, due to invalid tip credit

**Investigation and Discovery**

13. Before filing the Complaint, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

14. LLG had in-depth interviews with the named Plaintiff. Plaintiff's Counsel also obtained documents and data from the named Plaintiff that helped evaluate the risks of the case.

15. Discovery in this case has consisted of reviewing thousands of pages of confidential employment records, including payroll records and time cards for all class members, a sampling of wage notices for 50 class members at each restaurant,, and electronic employment data (including work periods and pay information) for all class members. Defendants also produced internal policy documents for each of the restaurants.  Such documents were analyzed to calculate the damages owed to the named Plaintiff and the Class Members.

16. Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

**Settlement Negotiations**

17. In or about January 2018, the parties began to discuss mediation. The parties agreed to engage in a private mediation session overseen by Carol Wittenberg at JAMS.

18. Plaintiff submitted a detailed mediation statement that explained the claims, noted Defendants' vulnerabilities, acknowledged risk, and explained the damage calculations.

19. On April 19, 2018, the Parties attended a full-day private mediation.

20. The parties reached a settlement in principle and entered into a Memorandum of Understanding and, during the weeks thereafter, continued negotiating the terms of the class settlement, which was memorialized in the formal Settlement Agreement. (*See* Exhibit A.)

21. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Reaction of the Class Has Been Positive**

22. At this early stage in the process, Named Plaintiff has expressed his approval of the Settlement Agreement.

**Settlement Terms and Allocation Formula**

23. A true and correct copy of the parties' Settlement Agreement is attached as **Exhibit A**.

24. The Settlement Agreement creates a common fund of $2,150,000.00 paid by Corporate Defendants, (Settlement Agreement) § 1.29, which covers Class Members' awards, the cost of settlement administration, any Court-approved service payment, any Court-approved attorneys' fees and expenses, as well as all other costs, expenses, and payments owed by Defendants (except for any employer-side payroll taxes typically borne by employers in connection with any settlement payments characterized as wages).

25.  Each Class Member will be assigned one point for each week worked within the Relevant Time Period (as defined in the Settlement Agreement).  Each Class Member will be allocated a portion of Settlement Fund according to their points, and subject to a $100 floor payment, paid out of the Settlement Fund.  (Settlement Agreement) § 3.1(A).

**Claims Administration**

26.  The Claims Administrator will be Rust Consulting, a third-party administration company.

27.  The Claims Administrator's fees of $21,000 will be paid out of the Settlement Fund.  (Settlement Agreement) § 3.3.

28.  There are approximately 1,300 Class Members.

29.  Attached as **Exhibit B** is the proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Proposed Notice").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: May 7, 2018
       New York, New York

By:   /s/ C.K. Lee
      C.K. Lee
      Lee Litigation Group, PLLC
      30 East 39th Street, Second Floor
      New York, New York 10016
      Telephone:  212-465-1188