# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
   cklee@leelitigation.com

June 21, 2018

**Via ECF**
Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re:   *Jara v. Felidia Restaurant, Inc., et al.*
      Case No. 17 CV 9622 (ALC)

Dear Judge Carter:

   We are counsel to Plaintiff in the above referenced matter. We submit this letter jointly with counsel to Defendants in response to the Court's Order dated June 7, 2018 (ECF Dkt. 57).

   The parties are open to making any adjustments, revisions, modifications, or additions to the proposed class settlement notice (the "Notice") that the Court believes are warranted. However, the parties believe that it is unnecessary to revise the Notice to reference the "substantive objections" raised in Mr. Kirschenbaum's May 9, 2018 letter on behalf of non-putative class member Octavio[1] Quinones. However, should the Court determine that the Notice should reference such objections, the parties have proposed suggested language below.

   **I.   The Objections to the Settlement Raised By Quinones Should Not Be Included in the Proposed Notice**

   Mr. Kirschenbaum's May 9th letter raises a number of objections to the proposed settlement agreement. However, it is unclear to the parties what the Court considers to be "substantive objections" and "non-substantive objections". Nevertheless, the parties believe that none of the objections or issues raised in the May 9th letter should be referenced in the Notice.

   Putting aside the fact that Mr. Quinones' objections are premature and that as a non-putative class member he lacks standing to assert any objection to the proposed settlement agreement, the parties believe that the objections raised by Mr. Quinones should not be included in the Notice because they lack any basis in fact and will only confuse and mislead putative class members. Quinones raises three objections to the settlement agreement: (i) he claims, without any evidentiary support, that the parties colluded; (ii) he asserts that the putative class members who worked at Babbo could obtain more damages based on counsel's calculations; and (iii) Plaintiff's counsel cannot adequately represent the putative class because they did not properly investigate

---

[1] While Mr. Kirschenbaum's letter references an "Oliver Quinones," the individual who filed a putative class/collective action in this Court on October 27, 2017, bearing the Civil Action Number 17-cv-8302 was Octavio Quinones, not Oliver Quinones.

the claims of putative class members. The inclusion of details regarding a meritless objection, prematurely made by an individual that lacks standing, is likely to confuse class members.

With regard to the first objection, it would be inappropriate to reference in the Notice the assertion made by Quinones that the settlement was the result of collusion. As an initial matter, the claim is utterly false and is based on nothing more than Quinones' counsel's conjecture and speculation. Indeed, Quinones cites absolutely no evidence or specific information that the parties improperly colluded in any way, other than his umbrage with the ultimate result. Moreover, Quinones' unsupported claims of collusion also ring hollow in light of the fact that the parties spent an entire day mediating the dispute at arm's length with the assistance of highly experienced and reputable wage and hour mediator Carol Wittenberg of JAMS, *who Quinones' counsel himself has engaged for wage and hour mediations on any number of occasions*. Quinones is hard pressed to claim collusion when Defendants have agreed to pay more than *two million dollars* for what were primarily paperwork violations.

Because this objection is utterly specious, it would be inappropriate to reference it in the Notice. Indeed, if the Notice were amended to include this baseless accusation, it would set a standard that any individual, regardless of whether he or she is a putative class member or not, can make unsupported allegations, which then are included in a class notice. Including such information in the Notice does nothing to further the interests of class members or allow the Court to provide the "best notice practicable under the circumstances," nor does it further or even address the issues raised in Rule 23(c)(2)(B), which details what should be included in notices to classes. Accordingly, there is no reason to reference Quinones' first objection in the Notice.

As for the second objection – that the settlement is unfair because according to counsel's calculation the putative class member who worked at Babbo should get more money due to a purported "rock solid claim" – there is no reason to mention this objection in the Notice. Quinones' claims that the Babbo class was shortchanged is merely a post-facto, second guessing of the proposed settlement. While Quinones might believe he has a rock-solid claim and would obtain more money, the parties do not agree. Indeed, Defendants contend that they have strong defenses to any claims asserted by putative class members who worked at Babbo. Further, no claim is guaranteed and the overwhelming majority of settlements do not constitute full value of worst case scenario liability for defendants. Referencing this objection in the Notice would only service to confuse class members concerning the difference between the estimated liability (regardless of the merits of the claims or the defendants' defenses thereto) and the compromise that was reached taking into account the strengths and weaknesses of the parties claims and defenses. According, Quinones' second objection should not be referenced in the Notice.

Finally, the Notice should not mention the third objection made by Quinones because it is not accurate. Quinones' third objection is that Plaintiff's counsel cannot adequately represent the putative class because they did not undertake a complete investigation into the allegations at Babbo and the other restaurants covered by the proposed settlement. As an initial matter, Quinones has no first-hand knowledge about the parameters of Plaintiff's counsel's investigation and this fact alone warrants excluding this objection from the Notice. In any event, the objection is demonstrably false. Plaintiff's counsel conducted a comprehensive investigation into the claims at all of the restaurants, including reviewing time records, payroll records, personnel files, and other related documents from employees at all of the restaurants at issue as well as discussing same with Defendants, Plaintiff, and

other putative class members. Accordingly, it is unnecessary to include Quinones' third objection in the Notice.

### III. Proposed Notice Language

For the reasons described above, the parties do not believe the Notice should include the substantive objections of the Quinones Plaintiff. However, if the Court believes that a reference to such objections be provided to Class Members, counsel have conferred and jointly propose the following language be added to the Notice:

> "An individual has raised an objection to the settlement, which the parties believe lacks merit. If you would like a copy of the objection or more information about the objection, you may contact Class Counsel or view the objection on the Court's public docket."

                *                *                *

For the reasons set forth herein and as set forth in the parties' respective responses to Mr. Kirschenbaum's May 9, 2018 letter (ECF Dkt. Nos. 55-56), it is respectfully submitted that the Court should deny and overrule the *Quinones* Plaintiff's objection to preliminary approval, preliminarily approve the settlement and authorize the distribution of notice.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.
Counsel to Plaintiff

*/s/ Glenn Grindlinger*
Glenn Grindlinger, Esq.
Counsel to Defendants

cc:   All parties via ECF