USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JARA, *on behalf of himself and others similarly situated*,

         Plaintiffs,

  -against-

FELIDIA RESTAURANT, INC. ET AL.

         Defendants.
-------------------------------------------------------------- x

17-CV-09622 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

  On October 27, 2017, Oliver Quinones filed an FLSA action, on behalf of himself and others similarly situated, against his former employer, Babbo LLC, and its owners Mario Batali and Joseph Bastianich. *See* Complaint (ECF No. 1), No. 17cv8302 (ALC) (the "Babbo Action"). On December 7, 2017, Plaintiff filed this FLSA action, on behalf of himself and others similarly situated, against his former employer, Felidia Restaurant, which is also owned by Batali and Bastianich, as well as other restaurants also owned by Batali and Bastianich. ECF No. 1 (the "Felidia Action").

  On May 7, 2018, counsel for Plaintiff in the Felidia Action filed a First Amended Complaint naming Babbo LLC as a defendant. ECF No. 45. The same day, Plaintiff's counsel filed a motion for preliminary approval of the class action settlement between the parties. ECF Nos. 46-48. On May 9, 2018, the Court received a letter from counsel for Quinones requesting sanctions and other relief on account of, among other things, counsel for Defendants[1] having allegedly settled the putative class claims in the Babbo Action at the mediation of the Felidia Action without Plaintiff's counsel's participation. ECF No. 51. Quinones' counsel's letter

---

[1] Defendants are represented by the same attorneys in the Babbo Action and the Felidia Action.

detailed his belief that the proposed class representatives and settlement are inadequate to protect the interests of the putative class in the Babbo Action. *Id.*

On May 14, 2018, the Court ordered the parties in the Felidia Action to respond to these allegations. ECF No. 52. The parties responded, arguing, among other things, that Quinones' objection was premature, that he lacked standing to oppose the settlement (as he is expressly excluded from the settlement), and that his substantive allegations were without merit. ECF Nos. 55-56. In addition, on May 15, 2018, the Court received a letter from Quinones' counsel indicating that the parties "ha[d] entered into an arbitration agreement agreeing to arbitrate . . . any outstanding disputes" between them and would be filing a stipulation of dismissal that day. ECF No. 22. The letter further indicated that counsel would be withdrawing his request for sanctions and "take[s] no further position with respect to any of the other issues raised in" his May 9, 2018 letter. *Id.*

On June 7, 2018 the Court ordered the parties to file letter briefs, no later than June 21, 2018, addressing why the proposed notice in this case should not include the substantive objections raised in counsel's May 9, 2018 letter in order to provide the "best notice practicable under the circumstances" under Fed. R. Civ. P. 23(c)(2)(B). ECF No. 57.

The Court has now received a joint letter submission from the parties. ECF No. 61. Now, having fully considered those submissions, the Court agrees that the objections raised in the May 9, 2018 letter need not be included in the proposed notice. Those objections may be addressed at the final approval stage. In a separate order filed concurrently herewith, the Court grants Plaintiff's motion for conditional certification and settlement approval. In another separate order to be filed in the *Quinones* matter, the Court dismisses that case without prejudice.

**SO ORDERED.**

**Dated:**   **August 20, 2018**
         **New York, New York**

                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**